UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STARSTONE NATIONAL INSURANCE COMPANY**,

    Plaintiff,

v.

Case No. 8:20-cv-02326-WFJ-CPT

**GOLF ARGONOMICS SUPPLY & HANDLING CO.**, **GOLF AGRONOMICS SAND & HAULING, INC.**, and **AMBER CHAFIN**, individually and in her capacity as a legal and natural guardian of her minor sons J.S. and J.R.,

    Defendants.
_____/

## ORDER

Before the Court is the United States Magistrate Judge Christopher P. Tuite's Report and Recommendation ("R&R") that Plaintiff StarStone National Insurance Company's ("StarStone") motion for judgment on the pleadings (Dkt. 70) be granted. Dkt. 88. Only Defendant Amber Chafin has filed an objection in opposition to the R&R. Dkt. 92. The time for filing an objection has now passed. *See* 28 U.S.C. § 636(b)(1). After careful consideration, the Court adopts the R&R and grants Plaintiff's motion for judgment on the pleadings.

## BACKGROUND

The relevant factual allegations in this case are set forth in the R&R and are incorporated by reference as if set forth fully herein. Dkt. 88 at 1–5. To provide background, the Court summarizes the relevant procedural history of the case.

As the Magistrate Judge noted, the underlying state court lawsuit[1] over the August 2020 motor vehicle accident resulted in a final judgment. *Id.* at 4. Specifically, Defendants Golf Argonomics and Sand & Hauling, along with the other parties in the underlying lawsuit, resolved the case, and the state court entered final consent judgments for Defendants Chafin and her minor sons in the amount of $23,355,000 to Ms. Chafin and $5,500,000 each to J.S. and J.R. *Id.* (citing Dkts. 57-4, 57-5, 57-6; Dkt. 57 at 6; Dkt. 69 at 3). However, the final consent judgments did not allocate specific amounts among the state court defendants. *Id.*

While the underlying state court litigation was ongoing, Plaintiff StarStone commenced this action against Defendants, seeking a declaratory judgment that it was free from any liability for the damages sustained by Ms. Chafin. *See* Dkts. 1, 6, 57. Defendants subsequently filed answers to the Second Amended Complaint. Dkts. 61, 69. On July 23, 2025, Plaintiff filed the instant motion for judgment on the pleading, arguing (*inter alia*) its excess policy provided "no coverage" for any

---

[1] *Amber Chafin vs. Mark Welker, et al.*, Case No. 50-2020-CA008998, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* Dkt. 57 at 5.

2

claims arising out of the August 2020 auto accident. *See* Dkt. 70. Specifically, StarStone points to the unambiguous language in its excess policy—particularly, an "Auto Liability Exclusion"—as well as the nature of the final consent judgments awarded to Ms. Chafin and her two children. *Id.* at 10, 24. StarStone's auto liability exclusion policy at issue states "[t]his Policy does not apply to any liability, damage, loss, cost or expense arising out the ownership, maintenance or use of any auto." Dkt. 57-9 at 10.

On January 10, 2026, the Magistrate Judge filed a thorough and well-reasoned R&R that recommended this Court grant Plaintiff's motion for judgment on the pleadings. *See* Dkt. 88. The Magistrate Judge, among other things, found "that StarStone's automobile exclusion dictates the [excess] coverage determination in this action." Dkt. 88 at 8. When applying StarStone's automobile exclusion provision, the R&R concluded that the exclusion "precludes StarStone from having to furnish any coverage for the August 2020 accident," as the "only reasonable interpretation of StarStone's automobile exclusion given the plain and ordinary meaning of its terms is that StarStone's excess policy does not apply to any liability, damage, loss, etc. arising out of the [August 2020] motor vehicle accident[.]" *Id.* at 9–10 (citation modified).

On January 22, 2026, Defendant Chafin filed an objection to the R&R, Dkt. 89, and subsequently filed an amended objection one day later. Dkt. 92. In Ms.

3

Chafin's amended objection, she "adopts and restates the arguments in her Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings and Memorandum of Law" and argues the Magistrate Judge erred in its "reliance on and interpretation of Judge Yung's [sic] opinion in *Desai v. Navigators Inc. Co.*, 400 F. Supp. 3d 1280 (M.D. Fla. 2019)." *Id.* at 1–2.

## LEGAL STANDARD

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the district court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore,* 847 F.2d 1536, 1548 (11th Cir. 1988).

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v.*

*Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). "In determining whether a party is entitled to judgment on the pleadings, [the Court] accept[s] as true all material facts alleged in the non-moving party's pleading, and [the Court] view[s] those facts in the light most favorable to the non-moving party. *Id.* (citation omitted). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* (citation omitted). Additionally, "judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted).

## DISCUSSION

Based on a careful review of the pleadings, the Court agrees with the Magistrate Judge's findings and conclusions. As discussed below, the Court finds the Magistrate Judge did not err when relying on the undersigned's prior opinion in *Desai v. Navigators Inc. Co.*, 400 F. Supp. 3d 1280 (M.D. Fla. 2019).

As an initial matter, the Court notes that it will only address Defendant Chafin's single *specific* objection to the R&R—i.e., the Magistrate Judge's reliance on *Desai*. The Court will not consider any of the arguments that Ms. Chafin "adopts and restates" from her "Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings." Dkt. 92 at 1; *see also id.* at 4 ("For the reasons set forth in Ms. Chafin's Response, which are adopted herein by reference, STARSTONE did create

5

an ambiguity in the policy, which must be resolved in favor of coverage."). The Court arrives at this conclusion for two reasons.

First, a district court need not consider "general objections" to an R&R. *Marsden,* 847 F.2d at 1548. Ms. Chafin should have "specifically identif[ied] those findings objected to," not simply adopt and incorporate by reference every single argument from her response to the motion for judgment on the pleadings. *Id.*; *see also Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019) ("[O]bjections to a magistrate judge's recommendation and report must be 'specific' and 'clear enough to permit the district court to effectively review the magistrate judge's ruling.'"); *Macort v. Prem*, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report.").

Second, Ms. Chafin's incorporation by reference of a prior filing violates the Middle District of Florida's Local Rules. Local Rule 3.01(h) explicitly prohibits any legal memorandum or brief from "incorporate[ing] by reference all or part of any other motion, legal memorandum, or brief." To be clear, Ms. Chafin could have stated her additional objections specifically as to the portions of the R&R that were in error, but her amended objection to the R&R fails to do so. Instead, in a single sentence, Ms. Chafin improperly adopts and incorporates by reference her entire response to Plaintiff's motion without any specificity. *See* Dkt. 92 at 1–2 (citing Dkt.

71); *id.* at 4 (noting Ms. Chafin is "adopt[ing] by reference" its response to the motion for judgment on the pleadings). Therefore, the Court will only consider Ms. Chafin's single specific objection concerning the Magistrate Judge's reliance on *Desai*.

Turning to Ms. Chafin's objection, she contends that the Magistrate Judge improperly relied on *Desai* because the footnote cited was *dicta*, and *Desai* is "procedurally distinguishable from the instant case." Dkt. 92 at 4–6. The Court disagrees, as the Magistrate Judge does not rest his core findings—i.e., that StarStone's automobile exclusion dictates the coverage determination and precludes StarStone from furnishing any coverage for the August 2020 accident—on the cited footnote in *Desai*. The Court's *de novo* review of the record shows that the Magistrate Judge properly applied state and federal law when determining whether the language in StarStone's excess policy had any ambiguity.

The R&R begins by correctly articulating the legal principles governing this dispute over the term of an insurance policy. As the Magistrate Judge noted, "[t]he extent of coverage under an insurance policy is a question of law to be decided by a court," Dkt. 88 at 6 (citing *Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., Ltd.*, 254 F.3d 985, 1003 (11th Cir. 2001)), and Florida law applies in this diversity action. *See Mid-Continent Cas. Co. v. Am. Pride Bldg. Co.*, LLC, 601 F.3d 1143, 1148 (11th Cir. 2010). The R&R then proceeds to properly outline the standard

Florida courts apply when interpreting the terms of an insurance contract, explaining:

> Under Florida law, the terms in an insurance contract "are given their plain and ordinary meaning and read in light of the skill and experience of ordinary people." *Penzer v. Transp. Inc. Co.*, 545 F.3d 1303, 1306 (11th Cir. 2008) (citations omitted). When a clause in a policy is unambiguous, a court must interpret that clause "in accordance with the plain meaning of the language used so as to give effect to the policy as it was written." *Travelers Indem. Co. v. PCR Inc.*, 889 So. 2d 779, 785 (Fla. 2004) (citations omitted).
>
> On the other hand, provisions that are "reasonably susceptible of more than one meaning . . . are ambiguous and construed in favor of the insured." *Progressive Am. Ins. Co. v. Steele*, 15 F. Supp. 3d 1240, 1247 (M.D. Fla. 2014) (citation omitted); *see also State Farm Mut. Auto. Ins. Co. v. Pridgen*, 498 So. 2d 1245, 1248 (Fla. 1986) (same) (citation omitted). Similarly, provisions that exclude or limit the liability of an insured are interpreted "more strictly" than provisions that furnish coverage. *Progressive Am. Ins. Co.*, 15 F. Supp. 3d at 1247 (internal quotation marks and citation omitted).

Dkt. 88 at 6–7. Notably, it is these legal principles that the Magistrate Judge keeps "in mind" when resolving the instant coverage dispute, with no citation or reference to *Desai*. *Id.* at 7.

When "[a]pplying the above rules of construction" to the operative provisions in StarStone and Wilshire's respective policies, the Magistrate Judge rightly found that "StarStone's excess policy and Wilshire's policy both contain automobile exclusions that differ in scope," and the definition of the word "auto" in StarStone's excess policy should be derived from Wilshire's policy. *Id.* at 8. Therefore, "StarStone's automobile exclusion dictates the coverage determination in this

action," as the "plain language" of StarStone's excess policy states "it only covers damages which surpass the limits of Wilshire's policy, except where the StarStone excess policy 'provides otherwise.'" *Id.* (citing Dkt. 57-9 at 32).

The Court cannot discern any legal or factual error with the Magistrate Judge's analysis. Indeed, the Court's own review of the record shows Ms. Chafin repeatedly admits StarStone's excess policy "contains a broader . . . auto exclusion," Dkt. 71 at 7; Dkt. 92 at 4 (noting StarStone's policy "contains a broader 'any auto' exclusion"), and the plain meaning of "except as otherwise provided" means that StarStone's automobile exclusion will apply since it is different (i.e., provides otherwise) from Wilshire's automobile exclusion. *See* Dkt. 57-9 at 32 ("Except as otherwise provided by [StarStone's excess] Policy, the coverage follows the definitions, terms, conditions, limitations and exclusions of the [Wilshire] Policy."); *compare* Dkt. 57-9 at 10 (showing StarStone's auto exclusion provision), *with* Dkt. 57-8 at 53 (showing Wilshire's automobile exclusion).

More fundamentally, nothing in the Magistrate Judge's legal analysis concerning which auto exclusion policy controls required a reliance on *Desai*'s footnote. The Court's review of the R&R shows that the Magistrate Judge simply cited *Desai*'s footnote[2] to provide the reader with a general definition of what a

---

[2] The footnote in *Desai* stated that "[a] 'follow form' policy provides coverage in conformance with the same terms, conditions, and exclusions as those set forth in the followed policy, except where specifically provided otherwise." *Desai v. Navigators Ins. Co.*, 400 F. Supp. 3d 1280, 1283 n.3 (M.D. Fla. 2019) (Jung, J.) (citing *Office Depot, Inc. v.*

9

"follow form" policy is, since StarStone's policy at issue in this case is a "'[f]ollow form' excess liability policy" tied to Wilshire's policy. Dkt. 88 at 3 n.2 (citing *Desai*, 400 F. Supp. 3d at 1283 n.3); *see also* Dkt. 57-9 at 32. The R&R then repeats *Desai*'s general definition later on to show that the Magistrate Judge's finding about which automobile exclusion applies is "consistent with the manner in which such 'follow form' policies operate." Dkt. 88 at 9 (citing *Desai*, 400 F. Supp. 3d at 1283 n.3). But contrary to Ms. Chafin's objection, the Magistrate Judge's findings do not entirely rest or rely on *Desai*'s footnote. Dkt. 92 at 5. Instead, the Magistrate Judge clearly based its findings on the aforementioned "rules of construction" under Florida law that the R&R articulated before considering the policy provisions at issue. *Id.* at 8. Stated differently, if the R&R's citations to *Desai*'s footnote were removed, none of the Magistrate Judge's conclusions about StarStone's automobile exclusion applying over Wilshire's policy would change, as the legal principles applied were never based on *Desai* in the first place.

    Therefore, based on a *de novo* review of the record, the Court adopts the Magistrate Judge's findings that there is no ambiguity in StarStone's excess policy and that "the only reasonable interpretation of StarStone's automobile exclusion given the plain and ordinary meaning of its terms is that StarStone's excess policy

---

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 734 F. Supp. 2d 1304, 1308 (S.D. Fla. 2010); *In re HealthSouth Corp.*, 308 F. Supp. 2d 1253, 1282 (N.D. Ala. 2004)).

does not apply to any liability, damage, loss, etc. arising out of the motor vehicle accident involving Ms. Chafin and Mr. Welker." Dkt. 88 at 10 (citation modified).

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation, Dkt. 88, is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and made a part of this Order.

    a. Defendant Chafin's objection, Dkt. 92, is **OVERRULED.**

2. The Court **GRANTS** Plaintiff StarStone's Motion for Judgment on the Pleadings. Dkt. 70.

3. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, the Clerk is **DIRECTED** to enter a declaratory judgment in favor of Plaintiff StarStone stating the following:

    a. StarStone does not have a duty to defend or indemnify any party for the auto accident and the claims in the underlying lawsuit (*Amber Chafin vs. Mark Welker, et al.*, Case No. 50-2020-CA008998, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida) under the StarStone Excess Policy, and StarStone is not liable under that Policy for any amount of the final judgment in the underlying lawsuit.

4. The Clerk is also directed to **TERMINATE** all deadlines and any remaining motions and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on January 28, 2026.

                                                */s/ William F. Jung*
                                                **WILLIAM F. JUNG**
                                                **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record